UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY MELVIN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00515-JMS-DLP |
| | ) | |
| HOLLEY CALHOUN, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Jeffrey Melvin, II, an inmate currently incarcerated at the Bartholomew County Jail, filed this civil action under 42 U.S.C. § 1983 alleging that the defendant, Nurse Holley Calhoun, exhibited deliberate indifference to his serious medical needs.

The defendant seeks summary judgment, arguing that Mr. Melvin failed to exhaust his available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Mr. Melvin has responded to the defendant's motion, and the defendant has submitted a reply. For the following reasons, the motion for summary judgment, dkt. 22, is granted.

### I. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th

Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

## II. Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Melvin as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### A. Evidence Considered

As a preliminary matter, the Court must address Mr. Melvin's responses to the defendant's motion for summary judgment. Mr. Melvin makes several factual assertions in his responses, dkt. 26; dkt. 37, but he has failed to provide admissible evidence to support those factual allegations.

"Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). An unsworn pleading that is not signed under the penalty of perjury is inadmissible for purposes of defeating a motion for summary judgment. *See Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011) (noting that a verified response in opposition to motion for summary judgment was admissible even though it was not an affidavit because "a declaration under [28 U.S.C.] § 1746 is equivalent to an affidavit for purposes of summary judgment"); *Dale v. Lappin*,

376 F.3d 652, 655 (7th Cir. 2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment").

Because Mr. Melvin's responses are neither affidavits nor verified and Mr. Melvin did not respond to the Court's Entry giving him another opportunity to provide a verified response, the Court will not consider the factual allegations contained therein. This ruling is consistent with the requirement in Local Rule 56-1(e) that each fact asserted must be supported with a citation to admissible evidence. *See* S.D. Ind. Local Rule 56-1(e); *see also* dkt. 25 (notice to Mr. Melvin providing text of Local Rule 56-1).

### B. Administrative Remedy Procedure

The Bartholomew County Jail maintains an administrative grievance procedure. All inmates receive a copy of this procedure upon admission to the jail. The administrative grievance procedure, in its entirety, states:

> Any and all complaints or grievances concerning the jail's condition, functions, or staff, will be forwarded to the administrative staff of the jail. All complaints must be submitted on the available grievance form located on the medication cart and must be submitted within seventy-two (72) hours of the alleged occurrence. If the grievance form contains vulgar language, it will not be responded to. The grievance will be responded to in a timely manner, and may be appealed to the Jail Commander. The Jail Commander will respond if overriding the decision of the original response.

Dkt. 23-2 at 2. If an inmate files a grievance, it is stored in a centralized file organized by date.

At the Bartholomew County Jail, inmates can submit requests, including requests for medical care, through an electronic kiosk. Requests sent through the kiosk are not grievances and are not reviewed as part of a dispute resolution process. If an inmate is unsatisfied with a response to a request submitted through the kiosk, jail administration will not know of the inmate's dissatisfaction unless and until the inmate submits a written grievance.

## C. Mr. Melvin's Use of the Administrative Remedy Procedure

Since the beginning of his incarceration, Mr. Melvin has submitted several grievances about varying aspects of his incarceration. Bartholomew County Jail Commander John Martoccia testifies by sworn declaration that Mr. Melvin filed numerous written grievances between November 18, 2018, and June 20, 2019. Dkt. 23-1. Commander Martoccia submitted copies of each such grievance with his declaration. *See* dkt. 23-4. None of these grievances pertain to the subject of this lawsuit—the medical treatment Mr. Melvin received for the injury to his foot. *Id.* Additionally, although Mr. Melvin submitted several requests via the kiosk concerning the treatment being provided for the injury to his foot, *see* dkt. 23-5, kiosk requests are not grievances, dkt. 23-1 at ¶ 6.

## III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1857-58 (2016) (explaining why "all inmates must now exhaust all

available remedies" and concluding that "[e]xhaustion is no longer left to the discretion of the district court" (internal quotation marks and citation omitted)).

It is the burden of the defendant to establish that the administrative process was available to Mr. Melvin and that Mr. Melvin did not pursue it. *See Thomes v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendant has met her burden of proving that the administrative process was available to Mr. Melvin and he did not use it. Mr. Melvin filed several administrative grievances—at least twenty-three—prior to filing this lawsuit, but none of those grievances related to the medical treatment he received for the injury to his foot. Dkt. 23-4. Although he asserts that he slid a grievance he obtained from the medication cart under the door to his cell for the correctional officer to collect, *see* dkt. 37, as noted above, the Court cannot consider that factual allegation because it is not verified.[1]

## IV. Conclusion

The defendant has demonstrated that Mr. Melvin failed to exhaust the administrative remedies available to him before filing this lawsuit. The consequence, in light of § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

---

[1] If the Court could consider these allegations, the outcome of the defendant's motion for summary judgment may be different because the administrative grievance procedure states only that a grievance "must be submitted." Dkt. 23-2. It does not define how an inmate must submit a grievance.

The defendant's motion for summary judgment, dkt. [22], is **granted**. This action is **dismissed without prejudice**.

Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 1/27/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY MELVIN, II
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com